
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALEKSANDR F. ILIN, | CV 14–159–M–DLC–JCL |
| Plaintiff, | |
| vs. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on January 8, 2015, recommending that Plaintiff's motion for summary judgment be denied, and that the Commissioner's decision be affirmed. Ilin timely filed objections and is therefore entitled to *de novo* review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

1

There is no clear error in Judge Lynch's remaining Findings and Recommendations and the Court adopts them in full. Because the parties are familiar with the facts of this case they will only be included here as necessary to explain the Court's order.

Judge Lynch found that the ALJ provided specific and legitimate reasons for giving Dr. Diegel's medical opinions little weight. Ilin objects that the reasons given do not meet the standard of specific and legitimate. First, Ilin objects to the ALJ's conclusion that Dr. Diegel's opinion was unclear whether Ilin could perform other work that did not require a high level of concentration. Second, Ilin asserts that when Dr. Diegel's treatment notes are read as a whole, they support his opinions. Third, Ilin objects that the ALJ impermissibly discounted Dr. Diegel's opinions as premised on Plaintiff's self-described symptoms and limitations.

The Commissioner may disregard a treating physician's opinion, even if it is not contradicted. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must state specific and legitimate reasons, supported by substantial evidence in the record by setting forth a detailed and thorough summary of the facts, conflicting clinical evidence, his interpretation thereof, and findings. *Reddick v. Chater*, 157, F.3d 715, 725 (9th Cir. 1998); *Magallanes*, 881 F.2d at 751. The ALJ supported discounting Dr. Diegel's opinions by a detailed summary of Dr.

2

Diegel's treatment notes and form opinions. Contrary to Ilin's objection, the ALJ did not entirely base his decision to discount Dr. Diegel's opinions on the single statement that it was unclear if Dr. Diegel was of the opinion that Ilin could perform other work that did not require a high level of concentration. Likewise, the ALJ did not impermissibly rely on the credibility, or lack thereof, of Ilin's self-reported symptoms, to the extent they formed the basis for Dr. Diegel's opinions. Rather, after thorough review, the ALJ appropriately concluded that Dr. Diegel's opinions were not supported by the medical evidence or his own treatment notes. This Court agrees with Judge Lynch that the ALJ provided specific and legitimate reasons for discounting Dr. Diegel's opinions, by way of a detailed and thorough summary of the facts, conflicting medical evidence, and his interpretation of these matters.

Ilin objects to Judge Lynch's finding that the ALJ permissibly rejected Dr. Nitschelm's opinion as inconsistent with the medical evidence, including his own treatment notes. However, the ALJ did give Dr. Nitschelm's opinion moderate weight. Dr. Nitschelm's opinions were only rejected to the extent they identified limitations that were inconsistent with the ability to perform any substantial gainful activity. These opinions were permissibly rejected as inconsistent with the medical evidence as noted in Dr. Nitschelm's own treatment notes, where he states

that Ilin did not appear to be in acute distress.

Ilin next objects to Judge Lynch's finding that the ALJ permissibly credited portions of Dr. Houser's opinion, while discrediting other portions. Contrary to Ilin's objections, the Court finds that the ALJ did not "cherry pick" Dr. Houser's opinion but rather chose data points that constituted examples of a broader development. *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). The portions of Dr. Houser's opinion that were afforded little weight were those that Dr. Houser either stated were merely "estimates" (Tr. at 790) or opinions found in a single questionnaire that were directly inconsistent with the rest of Dr. Houser's treatment notes. Therefore, the ALJ provided specific and legitimate reasons supported by substantial evidence for discounting those portions of Dr. Houser's opinion.

Ilin next objects to Judge Lynch's finding that the ALJ did not err in finding Ilin less than credible. Ilin objects, stating that there is objective medical evidence that supports his alleged limitations. In fact, Judge Lynch stated that Ilin met this initial burden. (Doc. 25 at 14). The ALJ considered Ilin's testimony but found it less than credible, partly based on inconsistencies between Ilin's written statements and hearing testimony. The ALJ noted several specific examples, such as Ilin's report that he does not answer the phone or want to see people, yet

testified that he goes shopping with his daughter and regularly attends church. The ALJ also discounted of Ilin's testimony based, in part, on inconsistencies between Ilin's testimony and the medical record, again referencing lengthy and specific examples. These are sufficiently clear and convincing reasons, supported by substantial evidence, for finding Ilin less than credible.

Judge Lynch found that even if the ALJ did not give sufficiently germane reasons for discrediting lay witness Yuliya Ilin's statement, any error was harmless. Ilin objects in that the same evidence relied on in discrediting Plaintiff's testimony was also relied on to discredit the lay witness testimony because Yuliya Ilin's statements were largely premised on Plaintiff's subjective complaints. However, as stated above, the ALJ was not in error in discrediting Plaintiff's testimony. To the extent the ALJ did not provide a sufficiently germane reason for discrediting Yuliya Ilin's statement, it was harmless error because her statement did not describe limitations beyond those described by Plaintiff, which the ALJ permissibly rejected. *Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

Lastly, Ilin objects to Judge Lynch's finding that the ALJ's hypothetical to the vocational expert was not flawed. However, as stated above, the ALJ properly discredited Ilin's testimony and therefore did not need to include alleged

limitations not supported by substantial evidence when giving a hypothetical.

There being no clear error in Judge Lynch's remaining Findings and Recommendation,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 25) are ADOPTED IN FULL. Plaintiff's motion for summary judgment (Doc. 15) is DENIED. The Commissioner's decision is AFFIRMED.

Dated this 1st day of May, 2015.

Dana L. Christensen, Chief Judge
United States District Court